**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-00497-REB-BNB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE REGENCY GROUP, LLC, et al,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE
MOTIONS FOR ENTRY OF FINAL JUDGMENT**

---

**Blackburn, J.**

The matters before me are plaintiff Securities and Exchange Commission's (1)

**Motion for Entry of Final Judgment as to Defendant J. Coutris Partners, LP** [#96][1]

filed March 29, 2010; (2) **Motion for Entry of Final Judgment as to Defendant John

J. Coutris** [#97] filed March 29, 2010; and (3) **Motion for Entry of Final Judgment as

to Defendant Michael J. Coutris** [#98] filed March 29, 2010.  I deny the motions

without prejudice.

There are at least two reasons why I cannot direct the Clerk of the Court to enter

the final judgments requested by these motions.[2]  First, the proposed judgments, in fact,

---

[1]  "[#96]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2]  Moreover, and contrary to plaintiff's implicit assumption, the district court does not enter final judgment.  Instead, the court directs the Clerk of the Court to enter judgment in the form and on the terms prescribed by the court in an order that directs entry of judgment.

are not final at all, because they do not specify the amount of disgorgement, prejudgment interest, and penalties to be paid by each defendant. I cannot direct the entry of a final judgment that fails to quantify such matters. **See Olcott v. Delaware Flood Co.**, 327 F.3d 1115, 1123 (10th Cir.) ("District court proceedings are not final until the district court has rendered a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. This matter was not final until the district court entered its final judgment order quantifying Plaintiff's damage award[.]"), **cert. denied**, 124 S.Ct. 958 (2003).

Second, the proposed forms of judgment are woefully inadequate to satisfy the requirements of Fed.R.Civ.P. 54(b). The Tenth Circuit requires that "courts entering a Rule 54(b) certification should clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order more intelligently[ ] and thus avoid jurisdictional remands." **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting **Old Republic Insurance Co. v. Durango Air Service, Inc.**, 283 F.3d 1222, 1225 n. 5 (10th Cir. 2002)) (internal quotation marks omitted). The district court, thus, has an affirmative "obligation to carefully examine all the factors relevant to certification" and provide "a clear articulation of the district court's reasons for granting certification." **Id.** at 1266. The bare-bones recitation provided in each of the proposed forms of judgment provided with the instant motions is patently insufficient to allow me to discharge my duties under Rule 54(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Entry of Final Judgment as to Defendant J. Coutris Partners, LP** [#96] filed March 29, 2010, is **DENIED WITHOUT PREJUDICE**;

2. That plaintiff's **Motion for Entry of Final Judgment as to Defendant John J. Coutris** [#97] filed March 29, 2010, is **DENIED WITHOUT PREJUDICE**; and

3. That plaintiff's **Motion for Entry of Final Judgment as to Defendant Michael J. Coutris** [#98] filed March 29, 2010, is **DENIED WITHOUT PREJUDICE**.

Dated April 6, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge