IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00497-REB-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE REGENCY GROUP, LLC,
SCOTT F. GELBARD,
JEFFREY S. KOSLOSKY,
AARON S. LAMKIN,
JOHN J. COUTRIS,
J. COUTRIS PARTNERS, LP,
JOSEPH S. FERNANDO,
WELLINGTON CAPITAL ENTERPRISES, INC.,
JAMES J. COUTRIS, and
DIMITRIOS I. GOUNTIS,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Plaintiff's Motion for an Order Entering Default Judgments Against Defendant Joseph S. Fernando and Defendant Wellington Capital Enterprises, Inc.** [Doc. # 55, filed 12/30/2009] (the "Motion for Default").[1] The Motion for Default seeks default judgments against (1) defendant Joseph S. Fernando ("Fernando") as a sanction for his failure to comply with my order compelling him to appear for his deposition and (2) defendant Wellington Capital Enterprises, Inc. ("Wellington Capital"), as a sanction for its failure to cause substitute

---

[1] The Motion for Default was denied by the district judge, see Order [Doc. # 70, filed 2/10/2010], who later found his order improvident. He vacated the February 10 Order, see Order [Doc. # 79, filed 2/18/2010]; reinstated the Motion for Default, id.; and referred the Motion to Default to me [Doc. # 80, filed 2/18/2010].

counsel to enter and appearance and defend this action. Motion for Default [Doc. # 55] at p. 1. I respectfully RECOMMEND that the Motion for Default be GRANTED.

**FINDINGS OF FACT**

I find the following facts:

(1) This action was commenced by the filing of a Complaint on March 9, 2009 [Doc. # 1]. The Complaint names three entities and eight individuals as defendants. According to the Complaint, Fernando is "a Canadian citizen who resides in British Columbia, Canada." Complaint [Doc. # 1] at ¶13. Wellington Capital is "a Nevada corporation incorporated by Fernando" and "a vehicle through which Fernando paid and arranged for the publications of promotions for HS3 stock that are the subjects of this Complaint." Id. at ¶14. The Complaint alleges "pump and dump" securities schemes and asserts two claims for relief against Fernando and Wellington Capital. The First Claim alleges violations or Section 10(b) and Rule 10b-5 of the Exchange Act, id. at p. 45; and the Second Claim alleges a violation of Section 17(a) of the Securities Act. Id. at pp. 45-46.

(2) Fernando and Wellington Capital initially were represented by Stephen C. Jackson of Forstram Jackson in Vancouver, British Columbia, Canada. Scheduling Order [Doc. # 13, filed 5/1/2009] at pp. 2, 19. Subsequently, Michael McPhail and Olympia Fay of Holme Roberts & Owen entered their appearance and filed an answer on behalf of Fernando and Wellington Capital. Answer [Doc. # 20, filed 8/3/2009] and Entry of Appearance [Doc. # 21, filed 8/5/2009]. Mr. Jackson was allowed to withdraw from his representation. Minute Order [Doc. # 25, filed 8/26/2009].

2

(3) On October 6, 2009, the plaintiff filed its Emergency Motion . . . to Compel the Deposition of Defendant Joseph S. Fernando [Doc. # 26] (the "Motion to Compel"). The Motion to Compel recites that Fernando's deposition was noticed to occur in Denver, Colorado, on a date "during the first three weeks of October 2009. . . ." Thereafter:

> On September 23, 2009, little more than a week before the validly noticed deposition of Fernando was to occur, his attorney e-mailed all counsel stating for the first time that Fernando wished to postpone his deposition until the week of October 26, 2009 and have the deposition occur in Vancouver, British Columbia. According to the e-mail, "Joe Fernando is the sole caregiver for his mother, who has become critically ill."
>
> The SEC responded the same day by: (1) requesting "verifiable medical documentation concerning the stated critical illness of Mr. Fernando's mother and Mr. Fernando's role as her sole caregiver;" (2) highlighting for counsel the several other occasions, over the course of this matter, on which Fernando has used an unverifiable illness or death as a reason for missing a deadline and avoiding obligations, and attaching illustrative correspondence; and (3) stating that, based on this prior history, we could not agree to reschedule the place or date of deposition without the verifiable documentation that we were requesting.
>
> On September 25, 2009 and September 28, 2009, having failed to receive any medical documentation form Fernando's counsel, the SEC asked his counsel whether Fernando intended to appear in Denver for his October 1st deposition, as noticed. On September 28, 2009, counsel advised that Fernando would not so appear.
>
> In an October 1, 2009 telephone conference, Fernando's counsel advised that he had spoken with Fernando that morning and that Fernando had indicated that Fernando himself was now sick. In response, the SEC's counsel requested Fernando counsel to obtain permission to enter into a stipulated order for Fernando to attend the deposition on October 16, 2009 at the SEC's Denver's office at the SEC's expense. Counsel for the SEC explained to Fernando's counsel that in light of the previously established schedule that was the only feasible way for Fernando's deposition to be taken prior to the discovery cutoff of November 2, 2009. In a subsequent conversation on October 2, 2009, counsel for the SEC and

> Fernando discussed the available dates and concluded that the last
> week of October has become available. Therefore, the SEC
> suggested that the SEC and Fernando enter into a stipulated order
> rescheduling Fernando's deposition for the week of October 26,
> 2009.
>
> Fernando has not agreed to the SEC's proposal.
> *   *   *
> On repeated occasions throughout the SEC's investigation,
> Fernando asserted through counsel that he was unable to adhere to
> a deadline or to provide promised testimony or information
> because of illness or death in his family. In each instance,
> Fernando used the asserted illness or death to indefinitely postpone
> the schedule event, ultimately providing nothing. In each of these
> instances, Fernando failed to supply any documentation verifying
> the asserted illness or death.

Id. at pp. 3-4.

Fernando, through his counsel, responded to the Motion to Compel, stating in part:

> Since October 1, 2009, counsel have left numerous voice messages
> at both of Mr. Fernando's known telephone numbers and have sent
> numerous messages to his known e-mail address.
>
> The undersigned counsel have received no response to these
> messages, and have been unable to communicate with Mr.
> Fernando since October 1, 2009.
>
> Due to this lack of communication, the undersigned counsel do not
> know whether Mr. Fernando is available to be deposed on October
> 27, 2009, or on any other date before the discovery cutoff.

Response to Plaintiff's Emergency Motion [Doc. # 33, filed 10/14/2009]. Significantly, Fernando presented no evidence supporting either excuse for not attending his deposition. Id.

I held a hearing on the Motion to Compel on October 16, 2009, and I entered an order compelling Fernando to appear for his deposition on October 26, 2009, at 9:30 a.m., at the Denver Regional Office of the Securities and Exchange Commission. Order [Doc. # 37, filed 10/16/2009]. Fernando failed to comply with that order and failed to appear for his deposition.

Transcript of Proceedings on October 28, 2009 [Doc. # 43, filed 11/13/2009] ("10/28 Trans.") at p. 3 line 4 through p. 4 line 6.

     (4)    On October 12, 2009, Mr. McPhail and Ms. Fay moved to withdraw from their representation of Fernando. Motion to Withdraw [Doc. # 30, filed 10/12/2009]. I held a hearing on the Motion to Withdraw on October 28, 2009, which Fernando attended by telephone. See 10/28 Trans. [Doc. # 43] at p. 2 lines 18-22.[2] I granted the Motion to Withdraw in an oral ruling from the bench. Id. at p. 12 lines 22-23. My oral ruling included the following warning:

> Mr. Fernando, I warn you personally, and as the representative of Wellington Capital Enterprises, that you are personally responsible for complying with all court orders and time limitations established by any applicable rule or order of the Court. With respect to Wellington Capital Enterprises, which is a corporation, or other legal entity, it cannot appear without a lawyer admitted to practice before this court. You, as an individual, Mr. Fernando, can appear pro se. Absent the prompt appearance of substitute counsel for Wellington Capital Enterprises, it may suffer the sanction of its pleadings and other papers being stricken, a default judgment or other sanction being entered against it and its rights forfeited.

Id. at p. 15 lines 13-25.[3]

---

[2]The record makes clear that Fernando attended the October 28 hearing individually and as an officer of Wellington Capital. 10/28 Trans. at p. 5 lines 7-13.

[3]Also at the hearing on the Motion to Withdraw, I asked Fernando if he had a position on the motion. He responded:

> Your Honor, I don't, as I've been very ill and just went through my e-mails yesterday. I've had pneumonia four times in the last ten years, and I was--I had the flu for a large number of these weeks and was in and out of consciousness and I'm unaware of what my options are.

Id. at p. 5 lines 16-21. In response, I stated:

> I note that Mr. Fernando has presented the excuse of ill health.

5

I also entered a written order granting the motion to withdraw. The written order contains the following warning:

> I warn Joseph S. Fernando and Wellington Capital Enterprises, Inc., that they personally are responsible for complying with all court orders and time limitations established by any applicable rules. Wellington Capital Enterprises, Inc., as an entity, cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against it.

Order [Doc. # 42, filed 10/28/2010] at p. 2.

(5) No counsel has entered its appearance on behalf of Wellington Capital.

(6) Neither Fernando nor Wellington Capital responded to the Motion for Default. Neither Fernando nor Wellington Capital participated in connection with the preparation of the Final Pretrial Order or appeared at the final pretrial conference. Final Pretrial Order [Doc. # 87, filed 3/11/2010] at p. 2; Courtroom Minutes [Doc. # 89, filed 3/11/2010] at p. 1. Fernando and Wellington Capital have abandoned their defense of this action.

(7) Fernando has failed to comply with my order compelling him to appear for his deposition on October 26, 2009, at 9:30 a.m., at the Denver Regional Office of the Securities and Exchange Commission. Rule 37(d)(1)(A), Fed. R. Civ. P., empowers a court to sanction a party

---

> There is no evidence supporting that allegation, and, of course, the essential function of a trial court like this is to find facts based on evidence, and in the absence of evidence, I can't make a finding that in fact Mr. Fernando's failure to participate in his deposition and otherwise participate in the litigation is the result of ill health and the Securities and Exchange Commission has raised evidence sufficient to cause me to doubt the veracity of these allegations of ill health.

Id. at p. 15 lines 3-12.

for his failure to appear for his deposition.

Wellington Capital has failed to comply with the requirements of D.C.COLO.LCivR 83.3D requiring the "prompt appearance of substitute counsel" upon the withdrawal of previous counsel. Pursuant to that rule, "absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity." Id.

## CONCLUSIONS OF LAW

The imposition of a default judgment as a sanction was addressed by the Tenth Circuit Court of Appeals in Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002):

> A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. But dismissal or other final disposition of a party's claim is a severe sanction reserved to the extreme case, and is only appropriate where lesser sanction would not serve the ends of justice. In applying such a sanction, the district court must consider: (1) the degree fo actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction.

Id. at 1195 (internal quotation and citation omitted).

In other cases, the circuit court has required the consideration, in addition to the three factors identified in Reed, of the following: (4) whether the court warned the party in advance that dismissal or the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1002). The circuit court also "generally requires the district court to perform an explicit analysis of the . . . factors prior

to dismissal." Reed, 312 F.3d at 1195.

**(1) The degree of actual prejudice**: Fernando has ignored my order to appear for his deposition. The SEC is severely handicapped in the preparation of its case where, as here, a defendant refuses to participate in legitimate and essential discovery. The prejudice to the SEC is great.

Similarly, Wellington Capital has failed to cause substitute counsel to enter an appearance and has abandoned its defense of the case. The SEC is thereby stymied in its efforts to conduct discovery against Wellington Capital, resulting in extreme prejudice.

**(2) Interference with the judicial process**: Fernando and Wellington Capital have each abandoned their defense of this action. For example, they failed to participate in the preparation of the Final Pretrial Order, and they failed to appear for the final pretrial conference. No greater interference with the judicial process is possible than a total refusal to participate.

**(3) The culpability of the litigant**: Fernando was ordered to appear for his deposition, and he failed to comply. There is no indication that he was not aware of my order to appear. Although he alleged ill health, no evidence of that was presented, and I found the excuse to be suspect. Fernando alone is responsible for his failure to comply with my order.

Wellington Capital was expressly warned, during my oral ruling and in my written order, that its failure to cause the prompt appearance of substitute counsel could result in the imposition of a default judgment. Notwithstanding those warnings, Wellington Capital has failed to engage substituted counsel and has abandoned its defense of this action. Wellington Capital alone is responsible for its failure to comply with the requirement to be represented by counsel.

**(4) Whether the party was warned**: Fernando was not expressly warned that his

failure to appear for his deposition would result in the sanction of a default, but such a warning is contained in Rule 37(d), Fed. R. Civ. P. I expressly warned Wellington Capital of the possibility of the entry of a default judgment if it failed to cause substitute counsel to enter an appearance.

**(5) Efficacy of a lesser sanction**: Fernando and Wellington Capital have failed to comply with court orders and rules; have failed to participate in the judicial process; and have abandoned their defense of this action. No sanction less than a default judgment would address this misconduct.

## RECOMMENDATION

I respectfully RECOMMEND that the Motion for Default be GRANTED, and that default judgment be entered in favor of the plaintiff and against defendants Joseph S. Fernando and Wellington Capital Enterprises, Inc., on the issue of liability on the First and Second Claims for relief asserted in the Complaint.

I further RECOMMEND that the issue of the appropriate remedies against defendants Joseph S. Fernando and Wellington Capital Enterprises, Inc., be reserved until after there is a determination of the liability of the remaining defendants on the claims against them as set forth in the Complaint.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,

9

91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 13, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge