**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00497-REB-BNB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

THE REGENCY GROUP, LLC, et al,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTIONS FOR ENTRY OF JUDGMENT AS TO DEFENDANTS
JOHN J. COUTRIS, MICHAEL J. COUTRIS, AND J. COUTRIS PARTNERS, LP**

**Blackburn, J.**

    The matters before me are plaintiff's (1) **Motion for Entry of Judgment as to Defendant John J. Coutris** [#112],[1] filed May 26, 2010; (2) **Motion for Entry of Judgment as to Defendant Michael J. Coutris** [#113], filed May 26, 2010; and (3) **Motion for Entry of Judgment as to Defendant J. Coutris Partners, LP** [#114], filed May 26, 2010. I deny the motions without prejudice.

    On April 6, 2010, in response to a nearly identical motion implicating another defendant, I advised plaintiff that I would not enter similar "final" judgments as to these defendants. Because nothing in plaintiff's presentation has changed with the instant motions, my reasons for that determination are equally applicable here and, thus, bear reiteration:

---

[1] "[#112]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

There are at least two reasons why I cannot direct the Clerk of the Court to enter the final judgments requested by these motions. First, the proposed judgments, in fact, are not final at all, because they do not specify the amount of disgorgement, prejudgment interest, and penalties to be paid by each defendant. I cannot direct the entry of a final judgment that fails to quantify such matters. **See Olcott v. Delaware Flood Co.**, 327 F.3d 1115, 1123 (10th Cir.) ("District court proceedings are not final until the district court has rendered a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. This matter was not final until the district court entered its final judgment order quantifying Plaintiff's damage award[.]"), **cert. denied**, 124 S.Ct. 958 (2003).

Second, the proposed forms of judgment are woefully inadequate to satisfy the requirements of Fed.R.Civ.P. 54(b). The Tenth Circuit requires that "courts entering a Rule 54(b) certification should clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order more intelligently[ ] and thus avoid jurisdictional remands." **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting **Old Republic Insurance Co. v. Durango Air Service, Inc.**, 283 F.3d 1222, 1225 n. 5 (10th Cir. 2002)) (internal quotation marks omitted). The district court, thus, has an affirmative "obligation to carefully examine all the factors relevant to certification" and provide "a clear articulation of the district court's reasons for granting certification." **Id.** at 1266. The bare-bones recitation provided in each of the proposed forms of judgment provided with the instant motions is patently insufficient to allow me to discharge my duties under Rule 54(b).

(**Order Denying Without Prejudice Motions for Entry of Final Judgment** [#101], filed April 6, 2010 (internal footnote omitted).) I am uncertain what precisely about my prior Order was unclear, but given that the instant proposed final judgments suffer from the same infirmities as their predecessors, I must again deny them.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Entry of Judgment as to Defendant John J. Coutris** [#112], filed May 26, 2010, is **DENIED WITHOUT PREJUDICE**;

2. That plaintiff's **Motion for Entry of Judgment as to Defendant Michael J. Coutris** [#113], filed May 26, 2010, is **DENIED WITHOUT PREJUDICE**; and

3. That plaintiff's **Motion for Entry of Judgment as to Defendant J. Coutris Partners, LP** [#114], filed May 26, 2010, is **DENIED WITHOUT PREJUDICE**.

Dated June 2, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge