IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00497-REB-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,
                Plaintiff,
       v.
THE REGENCY GROUP, LLC,
SCOTT F. GELBARD,
JEFFREY S. KOSLOSKY,
AARON S. LAMKIN,
JOHN J. COUTRIS,
MICHAEL J. COUTRIS,
J. COUTRIS PARTNERS, LP,
JOSEPH S. FERNANDO,
WELLINGTON CAPITAL ENTERPRISES, INC.,
JAMES J. COUTRIS, and
DIMITRIOS I. GOUNTIS,
                Defendants.

**ORDER OF PERMANENT INJUNCTION AS TO DEFENDANT MICHAEL J. COUTRIS**

The U.S. Securities and Exchange Commission ("Commission") filed a Complaint against Defendant Michael J. Coutris ("Defendant") and others, alleging that Defendant and others have violated various provisions of the federal securities laws.

Defendant entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order.

The Commission has filed a Motion for Entry of the Order of Permanent Injunction as to Defendant Michael J. Coutris ("Motion").

The Court, having reviewed the Motion, and the pleadings and the file in this matter, and being fully advised in the premises, and it appearing that the Motion should be granted:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's Motion for Entry of the Order of Permanent Injunction as to Michael J. Coutris should be and hereby is **GRANTED**.

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise

any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**III.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without complying with the broker-dealer registration provisions set forth in Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2005, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) the Defendant will be precluded from presenting evidence and arguing that his violations alleged in the Complaint did not involve fraud, deceit, manipulation, or were not in deliberate or reckless disregard of a regulatory requirement, and did not directly or indirectly result in substantial losses or create a

significant risk of substantial losses to other persons; (c) Defendant may not challenge the validity of the Consent or this Order of Permanent Injunction; (d) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (e) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Michael J. Coutris is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of making the determinations set forth the in Paragraph V above and enforcing the terms of this Order of Permanent Injunction.

Dated July 21, 2010, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge