**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE ) <br> COMMISSION, ) <br>  ) <br>           **Plaintiff,** ) <br> **v.** ) <br>  ) <br> THE REGENCY GROUP, LLC, et al., ) <br>  ) <br>           **Defendants.** ) <br> _____ ) | **CIVIL ACTION** <br><br> **No. 09-497-KHV** |

**SUPPLEMENTAL PRETRIAL ORDER**

This supplemental pretrial order together with the Final Pretrial Order (Doc. #87) filed March 11, 2010 shall supersede all pleadings and control the subsequent course of this case. It shall not be modified except by consent of the parties and the Court's approval, or by order of the Court to prevent manifest injustice. See Fed. R. Civ. P. 16(e).

**I.   WITNESSES AND EXHIBITS.**

    **a.   Final Witness and Exhibit Lists.** The parties have already submitted final witness and exhibit disclosures as part of the Final Pretrial Order (Doc. #87).

    **b.   Marking and Exchange of Exhibits.** All exhibits shall be marked no later than seven calendar days before trial. To the extent that the parties have not done so already, they shall exchange copies of exhibits at or before the time they are marked. Each exhibit that the parties expect to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number. The parties shall prepare an adequate number of exhibit books, including one book containing the original exhibits, one copy for the court, and one copy for opposing counsel; one exhibit book shall be prepared for each juror if counsel intend to distribute exhibit books to jurors.

    **c.**     **Designations of Deposition Testimony.**

    **(1)**     **Written Depositions.** Consistent with Fed. R. Civ. P. 26(a)(3)(B), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 14 days before trial. Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(4), together with any objections to the designations made by the offering party, shall be filed no later than seven calendar days before trial. Any objections to counter-designations shall be filed no later than three calendar days before trial. The Court will not entertain any objections to deposition testimony until the parties have attempted in good faith to resolve the dispute in person. Where the Court must resolve disputes concerning presentation of deposition testimony at trial, the objecting party shall deliver a copy of the deposition to the trial judge no later than one business day before trial. On this copy, those portions of the deposition that are intended to be presented at trial shall be marked by brackets in the margins with different colored highlighting. Red highlighting shall be used for plaintiff and blue highlighting shall be used for defendants.

    **(2)**     **Videotaped Depositions.** The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts. When the parties require rulings outside the presence of the jury to facilitate a "clean" presentation of deposition testimony at trial, written transcripts rather than videotaped transcripts shall be presented in connection with the parties' objections. A party who offers a videotaped deposition must edit the tape according to the designations and Court rulings so that it can be played in a manner that will not delay the trial.

**II.**     **MOTIONS.**

    **a.**     **Pending Motions.** None.

-2-

      **b.**    **Motions in Limine.**  All motions in limine shall be filed no later than 14 calendar days before trial.  Briefs in opposition to such motions shall be filed no later than seven calendar days before trial.  Reply briefs in support of motions in limine shall not be allowed without leave of Court.

**III.**    **TRIAL.**

      **a.**    This case is set for trial on the Court's docket beginning on **June 6, 2011 at 9:30 a.m. in Courtroom A702 with a backup trial date of July 6, 2011 at 9:30 a.m.**  This is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.

      **b.**    Trial of liability issues will be to a jury.  Trial of remedies will be to the Court sitting without a jury.

      **c.**    Estimated trial time is **12 days**.

      **d.**    Trial will be in Denver, Colorado.

      **e.**    If the parties agree to settle or otherwise resolve this matter, they shall immediately notify the Court in writing and by e-mail to [ksd_Vratil_Chambers@ksd.uscourts.gov](mailto:ksd_Vratil_Chambers@ksd.uscourts.gov).  See D. Colo. Local Civil Rule 40.2.C.

**IV.**    **FURTHER PROCEEDINGS AND FILINGS.**

      **a.**    **Trial Briefs.**  The Court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues will arise during trial.

      **b.**    **Voir Dire.**  Counsel will be allowed to participate in voir dire.

      **c.**    **Jury Instructions.**  The parties have submitted proposed jury instructions.

      **d.**    **Trial Preparation Conference.**  The Court has scheduled a trial preparation conference

for May 5, 2011 at 10:00 a.m. in Courtroom A702.

**IT IS SO ORDERED**.

Dated this 10th day of January, 2011, at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>KATHRYN H. VRATIL<br>United States District Judge